MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $15,520.00 IN U.S. CURRENCY,<br><br>        Defendant. | 2:19-MC-00065-TLN-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.    On November 6, 2018, inspectors with the United States Postal Inspection Service ("USPIS") seized approximately $15,520.00 in U.S. Currency ("defendant currency") from Battousai Chansey ("Chansey") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2.    USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On January 25, 2019, USPIS received a claim from Chansey asserting an ownership interest in the defendant currency.

3.    For the purposes of this settlement only, claimant does not contest the United States' representation that it could show at a forfeiture trial that on October 10, 2018, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore

markers consistent with parcels used for shipping contraband, Priority Mail Expres parcel # EL 439814347 US.  The package was addressed to Battousai Chansey, 1237 East Hazelton Avenue, Stockton, CA 95205, with the following return address: Pohymah Ho, 729 Wharton St., Philadelphia, PA 19147.  No phone numbers were listed on the package.

4. For the purposes of this settlement only, claimant does not contest the United States' representation that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. For the purposes of this settlement only, claimant does not contest the United States' representation that it could further show at trial that on November 07, 2018, law enforcement contacted Chansey at1237 Hazelton Avenue, Stockton, California. During the interview, Chansey stated he was expecting a parcel from Philadelphia, that is should contain cash for the purchase of three or four bitcoin. While at the residence, law enforcement noticed a marijuana grow.  Chansey stated he had about thirty marijuana plants before harvest, and he still had about a pound of processed marijuana in his garage. Chansey gave consent to open the parcel and law enforcement found $15,520.00 of U.S. Currency packaged in a way consistent with practices used by narcotics traffickers to mail proceeds. The currency consisted mainly of $20 bills, making up $15,260.00 of the $15,520.00 found.  The parcel did not contain any notes, receipts, or instructions.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained in this stipulation, Chansey, specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Chansey agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Chansey hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this

is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12.   Upon entry of the Consent Judgment of Forfeiture, $7,760.00 of the Approximately $15,520.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13.   Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,760.00 of the Approximately $15,520.00 in U.S. Currency shall be returned to claimant Battousai Chansey through his attorney Jacek W. Lentz.

14.   The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Chansey waived the provisions of California Civil Code § 1542.

15.   No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16.   All parties will bear their own costs and attorney's fees.

17.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause

1  for the seizure of the above-described defendant currency.

2      IT IS SO ORDERED.

3  DATED: June 18, 2020

```
                                    _____
                                    Troy L. Nunley
                                    United States District Judge
```